Edwards, ,Cg. J,
now delivered, the following state-raen(- of,the case.and opinion of the court*,(b) :
r rom the bul at exceptions upon which this motion is founded, it appears that a capias had been issued against Whitaker, an absconding indictee, pursuant to the act of 1796 (c) ; by which precept the sheriff was also corn-manded “ to seize his chatties, and safely to keep them.” The sheriffnot being able to arrest the body of Whitaker, seized certain slaves and other chattels described in his. return on the precept, and which he states in his return was l°und on Whitaker’s plantation. Price set up a claim, to the property ; came into the circuit court of Shelby ; called the,attention of the court to the sheriff ’s1 return ; anj was about to move the court to hear and to deter- ..... , , ; , . mine his claim to the property, and to restore it to him ; which motion that court refused to hear, To,that opj.-n*on Price.excepted ; and the court state that they s,u*sj pected the object of the motion was to defeat the prosecution against Whitaker.
bare suspicion, without facts or circumstances to, . r, ■ n r • . support it, ought not ta influence any court or justice : but if, from facts or circumstances, it could fairlybe pre-surne-d that such was the real objectof the motion, it might reasonably furnish a ground for the court’s refusing to hear or determine Price’s claim of property in t^le extraol'dinary and summary mode attempted. Whether such facts or circumstances did appear to that court or not, this court cannot say ; nor is it deemed very mater¡ft| to ⅛& decision of the present question. Certain it is, that the motion, had it been successful, would have. tended to defeat the proceedings to, outlawry against Whitaker. And it is not clear that such an effect ought to be permitted by the interposition of a stranger.
The material question to bp decided, is, was it the duty of the circuit court to, hear and; determine Price’s claim of property byway of motion ? The affirmative *255 has been argued in several ways. Authorities have been cited, to prove, that in modern times, the remedy by motion has been encouraged with more liberality than formerly ; and the substitution of it in the room of writs of error coram vobis, and the audita querela, has been given as examples. This is certainly true, with respect to those cases in which the remedy by motion is as well calculated to do complete justice between the parties, and is as consistent with public convenience, as other remedies, and no farther.
It is believed, that an adjudication of the claim of’property in this case, by way of motion, would neither be calculated for the former, nor consistent with the latter. The method by motion, is conducted without pleadings, in writing; and without the usual time for preparation. The titles Df the parties are not set out so as to apprise each other of the nature of the claim or defence. The question to be decided, is reduced to no definite point; but is left altogether at large ; so that there is not the same chance for correctness and propriety of decisjas, as in a trial by a regular action.
These considerations, though not applicable to every motion, apply with accumulated force, where the object of the motion is the decision of an ’ adversary right or claim of property. A right, generally, if not always, depending upon complicated questions of law and fact; frequently upon the credibility of witnesses; -and therefore, ought not to be drawn from the proper tribunal, a jury ; whose peculiar province it is, to weigh the credibility of witnesses, and to determine questions of fact; under the direction of the court, as to the law of the case.
The remedy by motion, may indeed, be highly advantageous to one party, because of its dispatch; but it would be equally disadvantageous to the other, by cutting off that full and fair investigation and defence, which might be made in the ordinary forms of trial. Besides, it is believed, that if a decision by motion were tolerated, it would open a wide door for the practice of fraud, in' making secret and eovinous conveyances of estates ; which, in that mode of trial, would probably escape detection.
It is believed, that the decision of the right of property by motion, in this -and mother like cases, would illy *256 comport with public convenience ; for it cannot Be <3(⅛ nied, that if the circuit court had heard the motion, and decided the right of the property either way, the deci; sion would not have been conclusive on either of the parties supposed to have a right to the property. Surely it would be highly inconvenient, that the time of tlie courts of this commonwealth, should be spent in giving decisions, which, when given, would not conclude the parties, or put an end to litigation.
Sheridan’s practice, 335, 342 — Sillen’s practice, 5&7~>~ 2 Wilson’s reports, 140, (and some other cases less applicable) have been cited in support of the motion.
These cases admit of three answers :
First — It is obvious that the question to be decided in those motions, was amére question of law. It was, whether the statute which directs the sheriff to pay the landlord one year’s rent before, he remove the goods of the tenant taken in execution,-&c. extended to the king, he not being named in the statute ; the sheriff having «.taken the goods at his suit, upon elegit, extent, or in áu outlawry. The only object of those motions was to obtain a direction to the sheriff, as to his duty in point of law.
Secondly^ — The cases cited, do not come up to the present case. The landlords in whose behalf the motions were made, did not claim adversarily to the tenants whose property had been taken ; but consistently with, and by virtue of the tenant’s property in the goods taken. The question whether the property belonged to the defendants in the process, or the plaintiff in the motion, could not possibly arise. But it is said the question of property, depending upon facts too, might have arisen in those motions ; as if the relation of landlord and tenant had been denied, or if it had been alleged that no rent had been in arrear. If these questions had been made, and the reasoning in the former part of this opinion be correct, the court ought not to have decided them on motion. If the landlord had required the court to have determined by motion, whether he was landlord or not, it is not believed he would have been indulged. The cases, however, shew no fact was in dispute ; that the right of the landlord, as such, was not disputed ; nor yet the rent due ; but only whether he could have the benefit of the statute against the king, he not being named therein.
*257 - Iñ tbé third place, these motions ; these-extraordinary interpositions of the courts, in favor of the landlords; very probably grew out of the aristocracy of that country ; out of that favoritism which was then shewn to that description of persons, in preference to other, citizens ; for this court can discover no adjudged case, where an equal privilege has been extended to others;.
2 Gvvil. Bac. 739, has been relied on. It states that property taken by virtue of a ji. fa. which issued irregularly, may be restored, upon motion by the defendant; and so also, on the motion of a stranger, whose property has been taken ; but if the right is not clear, an issue may be directed, to try it; or the party will be left to his remedy by action. Tidd’s practice is cited (a), hat no adjudged case is refered to by the author.
If this case can be considered as law, it can only be By supposing the author to mean, that the execution rhay be quashed for some irregularity, and as a consequence‘ of which, the property would he restored. This might-be done by the defendant directly, being a party ; or by a stranger indirectly, if the court thought proper to hear him, as 'amicus Curias, but which they are- not bound to-do. If the author can be supposed to> mean, that tfie-court are bound to hear and determine a motion made by a stranger, the caáe is irrecoriciíeáble with itself, and: capnot be regarded as law ; especially as it is contrary to. the general tenor and practice of the law, which leaves the party in such cases, to his remedy by action.
It is urged, that because the process against Whitaker» Was ¾ summary and extraordinary process, the court-ought to have interposed, upon motion in behalf of Price» But how can the nátñre of the process against Whitaker» have any influence upon the question ? Price is neither party nor privy to that process. Arid as to Price; ‘the process is neither more summary nor extraordinary, thart if ⅜ fieri fiadas, against Whitaker had been levied on.property claimed by him. For, in neither case, -would Price have any notice of, or concern with the case, until the property Was'tákén. Unless we permit names to mislead us, the nature of the process against Whitakerr cari have no weight, , , ⅛
If. has been suggested that the officer’s return Wás Insufficient.’ . This ground was, very properly, not much relied on in argument. It is a question between the *258 commonwealth and Whitaker, if ever he shall choose make it; but a question which Price could not make, unless the court were pleased to hear him as amicus ettrice.
The mole wehave reflected upon the consequences of try ing the right of property, set up by a third person, by way of motion, the more we have been convinced of its impropriety. We are of opinion that the circuit court did right in refusing to hear the motion.
- Wherefore, the motion for a mandamus overruled.

 April 22nd.

 Afls of1796-7, p.129, ⅜ 12, 1 Brad, IS4’

 The Chief Justice ditiented from this deciiion.

I'd Pa**